KENDRICK *v.* WILKINSON.

Section 26, p. 328, 2 R. S., applies as well to additional bonds, given on applications to sell real estate, as to original bonds given to secure the discharge of general duties of guardians and others.

It is perhaps the right of a surety, without showing any reason, to ask the Court to discharge him from such bond, and the duty of the Court, upon such application, to require the execution of another bond, and grant other proper relief.

APPEAL from the *Marion* Common Pleas.

HANNA, J.— *Wilkinson,* guardian of minor heirs of *Ferree,* applied to sell real estate of his wards. In that application *Kendrick* became surety. He now alleges that said guardian had no living surety in his original bond as such; a fact of which said appellant was then ignorant; and that said *Wilkinson* has become totally insolvent, and therefore prays to be released, &c.

A demurrer was sustained to said petition.

The question presented appears to be whether the statute, sec. 26, p. 328, 2 R. S., applies to these additional bonds, given upon the sale of real estate; and if so, whether enough is shown to entitle said surety to the remedy therein provided; for surely the statute is a remedial one for sureties, and as such should be liberally construed. There is no averment showing the amount of the bond, nor the amount of assets, nor whether the surety in the original bond was amply sufficient or otherwise. We are of opinion, that the section named was intended to include bonds for the sale of lands by guardians, as well as original bonds by them, executed to secure the faithful discharge of their general duties. Both classes of bonds are provided for in the preceding parts of said statute, and the remedy appears to be equally applicable and appropriate to each.

As to the sufficiency of the statements. It is perhaps the

---

right of a surety, without showing any reason, to ask a discharge; and the duty of the Court, upon such application, to direct the guardian to execute another bond, and the surety would continue bound until he should do so. If he can not comply with the order, the Court would then consider the further question, whether he should be continued in the trust, or upon such reasons as might then be shown by said surety, be removed. For the first purpose the complaint was sufficient.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*David McDonald,* for the appellant.